IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PUGLIA ENGINEERING, INC., a corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>BAE SYSTEMS SHIP REPAIR, INC., a corporation, BAE SYSTEMS SAN FRANCISCO SHIP REPAIR, INC., a corporation, BAE SYSTEMS, INC., a corporation, CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation, and DOES 1–20,<br><br>  Defendants.<br>                                                                          / | No. C 17-01444 WHA<br><br>**ORDER REMANDING CASE TO SAN FRANCISCO COUNTY SUPERIOR COURT** |

**INTRODUCTION**

Defendants removed this fraud action from state court on diversity jurisdiction grounds. Plaintiff now moves to remand to the Superior Court of the State of California, San Francisco County, on the basis that removal was defective. For the reasons set forth below, the motion is **GRANTED**.

**STATEMENT**

Plaintiff Puglia Engineering, Inc., a Washington ship repair company, commenced this action against BAE Systems Ship Repair, Inc. and BAE Systems, Inc. ("BAE"), BAE Systems San Francisco ("BAE-SF"), and the City and County of San Francisco operating through the San Francisco Port Commission ("the Port") in the Superior Court of the State of California, San Francisco County. BAE is a defense contracting company incorporated in Delaware with

its principal place of business in Virginia (Dkt. No. 1 at 2). BAE-SF is a California corporation with its principal place of business in California. The Port is a municipal corporation and a citizen of California.

All of Puglia's claims arise from the following well-pled allegations that BAE and BAE-SF fraudulently induced it to acquire BAE-SF — which leases and operates a shipyard facility owned by the Port — by misrepresenting that the Port's dry docks were well maintained and that Puglia did not need to perform immediate dredging in order to generate revenue (Compl. ¶ 2).

On December 1, 2016, Puglia entered a purchase agreement with BAE for the conditional purchase of one hundred percent BAE-SF stock (*id.* ¶ 27). The purchase was conditioned on, among other things, the Port's consent to assignment, which the Port, Puglia and BAE-SF executed in a document effective December 30, 2016. When Puglia took over BAE-SF in January 2017, it found the dry docks in poor condition, with costs of repair or replacement estimated to exceed $9 million and the immediate costs of dredging the site estimated to be about $12 million (*id.* ¶¶ 2, 32). Puglia filed a notice of imminent closure in February, claiming that it could not operate at a profit. Without releasing any legal rights against each other, Puglia and the Port entered an interim agreement to continue operation of the shipyard facility until the end of May (Dkt. No. 26 at 4). The parties did not extend this agreement and the shipyard closed while this action was pending.

On February 15, 2017, Puglia brought claims against BAE and BAE-SF on the basis of fraud, negligent misrepresentation, state securities statutes and state fraudulent business practices statutes (Compl. ¶¶ 34–62, 70–79). Puglia seeks rescission of its purchase agreement with BAE. It also seeks rescission of the Port's consent, alleging that it was defective for several reasons, including that it failed to include all language required by the lease. Moreover, it seeks declaratory relief from all defendants and monetary damages from all except the Port.

On March 16, 2017, BAE removed this action from the Superior Court of the State of California, San Francisco County on diversity jurisdiction grounds and brought a motion to transfer or dismiss in the alternative on the basis of a forum selection clause that designated the

Southern District of New York as the proper venue for any proceeding arising from the purchase agreement (Dkt. No. 11). Puglia contends that this action must be remanded because removal was procedurally defective. With the benefit of full briefing and oral argument, this order agrees.

**ANALYSIS**

Where, as here, a defendant cites diversity jurisdiction as its sole basis for removing an action from state court, the action is not removable "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. 1441(b)(2). Moreover, all defendants must join in removal. *Hewitt v. City of Stanton*, 798 F.2d 1230, 1232 (9th Cir. 1986).

Defendant bears the burden of establishing that an action is removable, with all doubts resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Specifically, here, BAE must show that BAE-SF and the Port are not forum defendants and do not violate the requirement that defendants unanimously join in removal. BAE concedes that this action must be remanded if removal violates either principle.

### 1. UNANIMOUS JOINDER OF DEFENDANTS.

"All defendants must join in a removal petition with the exception of nominal parties." *Hewitt*, 798 F.2d at 1232. The rule of unanimity does not require each defendant to submit individual documents consenting to removal. *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009). Rather, "[o]ne defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient."

BAE's notice of removal contains no such averment of consent from the Port or BAE-SF. Moreover, the Port does *not* consent to removal and argues that BAE has failed to meet its burden of demonstrating that removal jurisdiction exists (Dkt. No. 26). BAE contends that the action was removable despite the Port's objections and BAE-SF's non-joinder because (1) the Port is a nominal defendant and (2) BAE-SF must be realigned as plaintiff in this action (Dkt. No. 1 at 5).

**A. The Port**.

Nominal defendants "have no interest in the action and are merely joined to perform the ministerial act of conveying the title." *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000). That is not the case with the Port, which owns the shipyard and has significant interest in its continued maintenance, operation and repair (Dkt. No. 26 at 9). Moreover, the Port admitted the existence of an actual controversy in its answer to Puglia's complaint, opposed Puglia's rescission claims, and appeared at oral argument on this motion. These are not the acts of an uninterested party.

Two days prior to oral argument, BAE filed an *ex parte* application to submit supplemental material in support of its opposition to remand (Dkt. No. 54). Specifically, BAE submitted that Puglia has closed the shipyard, thus extinguishing the Port's interest in ensuring continued employment and operations at the facility. At oral argument, the undersigned judge asked counsel for the Port whether it maintains an interest in these proceedings despite the closure. Counsel for the Port asserted that the Port seeks to enforce rent payments and other obligations under the lease against BAE-SF's owner. The Port has a significant interest that could be impaired if BAE-SF's ownership is decided in its absence.

BAE also contends that since BAE-SF will continue to hold the lease regardless of who owns it, the Port's interests remain unaffected by these proceedings (Dkt. No. 28 at 11). Not so. While BAE-SF is the nominal leaseholder, its parent company — as decided by this action — bears responsibility for the shipyard. If Puglia prevails in its claims, it will no longer have any obligations pursuant to the lease and the Port will be unable to bring claims against it for outstanding defaults (Dkt. No. 26 at 5–7).

Finally, BAE argues that the Port is a nominal defendant because Puglia fails to assert substantive claims for relief against it. But this is not our circuit's test for determining nominal defendants. Even if it were, BAE has not met its burden of proving this proposition. *First*, BAE offers no support for its assertion that Puglia's rescission of the Port's consent — which Puglia contends will void the purchase agreement — "will be of no significance" (Dkt. No. 28 at 11). *Second*, BAE claims that "declaratory relief is merely a procedural device" rather than a

4

substantive claim. *W. Title Guar. Co., Sacramento Cty. Div. v. Sacramento & San Joaquin Drainage Dist.*, 235 Cal. App. 2d 815, 823 (Ct. App. 1965). But Puglia's claim for declaratory relief rests on its well-pled allegations of an "actual controversy relating to the legal rights and duties of the respective parties" under the lease and BAE cannot merely intuit Puglia will not obtain meaningful relief based on a declaration of these rights. *See* Cal. Civ. Proc. Code § 1060. BAE has thus failed to meet its burden of establishing that the Port is a nominal defendant. This action must be remanded.

### B. Realignment of BAE-SF.

BAE argues, without providing any supporting authority from our circuit, for an additional exception to the requirement that defendants unanimously join in removal, contending that BAE-SF need not join because it is owned by Puglia and should, therefore, be realigned as plaintiff (Dkt. No. 1 at 5). Since the Port's existence as a non-consenting defendant bars removal, this order need not and does not reach the realignment issue.

### 2. FORUM DEFENDANT.

BAE further contends that the Port and BAE-SF are not forum defendants and, thus, do not bar removal pursuant to Section 1441(b)(2) because (1) the Port is a nominal defendant and (2) BAE-SF should be realigned as plaintiff for jurisdictional purposes because it is owned by Puglia (Dkt. No. 28 at 8). As already discussed, the Port is not a nominal defendant and this order need not reach the issue of whether realignment analysis provides a basis to circumvent the existence of a forum defendant.

### CONCLUSION

For the foregoing reasons, plaintiff's motion to remand is **GRANTED**. The Clerk shall remand this action to the Superior Court of the State of California, San Francisco County. The question of venue is reserved for the state court.

**IT IS SO ORDERED.**

Dated: June 16, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5