IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PUGLIA ENGINEERING, INC.,

    Plaintiff,

  v.

BAE SYSTEMS, INC., *et al.*,

    Defendants.

No. C 17-01444 WHA

**ORDER GRANTING MOTION FOR ATTORNEY'S FEES**

**INTRODUCTION**

Plaintiff in this fraud action moves for attorney's fees after a prior order granted its motion to remand based on improper removal. The motion is **GRANTED**.

**STATEMENT**

The factual background and allegations of this action have been set forth in a prior order (Dkt. No. 59) and need not be repeated here. In brief, plaintiff Puglia Engineering, Inc., brought this action against defendants BAE Systems Ship Repair Inc. and BAE Systems, Inc. (collectively, "BAE"), BAE Systems San Francisco Ship Repair Inc. ("BAE-SF"), and the City and County of San Francisco operating through the San Francisco Port Commission ("the Port") in state court, alleging that BAE and BAE-SF fraudulently induced Puglia to acquire BAE-SF — which leases and operates a shipyard facility owned by the Port — by misrepresenting the condition of the dry docks. Puglia sought rescission of the purchase agreement, rescission of the Port's consent to assignment that was a condition precedent of the purchase, declaratory relief against all defendants, and monetary damages from all defendants except the Port.

1  BAE then removed this action based on diversity jurisdiction and brought a motion to
2  transfer or dismiss based on a forum selection clause in the purchase agreement (Dkt. No. 11).
3  Puglia moved to remand (Dkt. No. 14). A prior order granted Puglia's motion, finding that the
4  Port was a forum defendant who had not joined in or consented to removal (*see* Dkt. No. 59).
5  Puglia then filed a motion for attorney's fees and costs, contending BAE "lacked an objectively
6  reasonable basis for removing [the] case" (Dkt. No. 64 at 1). This order follows full briefing
7  and oral argument.

**ANALYSIS**

Section 1447(c) of Title 28 of the United States Code provides, "An order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court has held that, "[a]bsent unusual circumstances, courts may award attorney's fees under [Section] 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *Chan Healthcare Grp., PS v. Liberty Mut. Fire Ins. Co.*, 844 F.3d 1133, 1141 (9th Cir. 2017). Our court of appeals has further explained that "removal is not objectively unreasonable solely because the removing party's arguments lack merit." Rather, "the test is whether the relevant case law clearly foreclosed the defendant's basis of removal," taking into account "the clarity of the law at the time of removal." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065–66 (9th Cir. 2008) (citing with approval *Lott v. Pfizer, Inc.*, 492 F.3d 789 (7th Cir. 2007)).

Here, the Port's presence as a forum defendant who did not join in or consent to BAE's removal clearly foreclosed said removal on two independent grounds under the relevant law. *See* 28 U.S.C. 1441(b)(2) ("A civil action otherwise removable solely on the basis of [diversity] jurisdiction . . . may not be removed if any of the . . . defendants is a citizen of the State in which such action is brought."); *Hewitt v. City of Stanton*, 798 F.2d 1230, 1232 (9th Cir. 1986) (citing 28 U.S.C. 1446(b)) ("All defendants must join in a removal petition with the exception of nominal parties."). BAE contends its removal was nevertheless objectively reasonable

because "its argument that the Port was a nominal party was not clearly foreclosed by Ninth Circuit law" (Dkt. No. 66 at 7).

*First*, BAE insists, as it did in opposing remand, that the Port was a nominal defendant (or so BAE could argue with objective reasonableness) because "[t]his action is fundamentally a dispute between Puglia and BAE" and Puglia sought no monetary damages from the Port (*see id.* at 7–8). As explained in the remand order, however, the Port clearly had significant interests in this action notwithstanding BAE's insistence to the contrary (*see* Dkt. No. 59 at 4–5). Insofar as BAE suggests our court of appeals must have explicitly rejected its specific argument before that argument can fall short of objective reasonableness in light of other binding legal authority on the subject, the suggestion is baseless. *See Patel v. Del Taco, Inc.*, 446 F.3d 996, 999–1000 (9th Cir. 2006) (affirming award of fees under Section 1447(c) where defendants' removal argument was "frivolous").

*Second*, in opposing the instant motion, BAE retreats to arguing that the Port was a nominal defendant (or so BAE could argue with objective reasonableness) because "at the time of removal, *as a legal (if not practical) matter*," BAE-SF "would have been the Port's tenant regardless of the outcome of this suit" (Dkt. No. 66 at 8 (emphasis added)). Consistent with the theme of its removal arguments, BAE cites no on-point authority for its suggestion that "a legal (if not practical) matter" — like BAE-SF's identity as a nominal leaseholder — could somehow nullify the Port's significant interests in the outcome of litigation. As explained in the remand order, this suggestion is meritless (*see* Dkt. No. 59 at 4).

*Third*, BAE reads the remand order as "not based on a facial rejection of the arguments asserted in [BAE's] petition, but rather the post-removal acts and representations made by the Port as to its interest in the litigation." This, BAE reasons, "suggests that the nominal party argument . . . was not objectively unreasonable, but rather defeated at least in part by the Port's assertion that it was an interested party" (Dkt. No. 66 at 8). True, "post-removal acts and representations made by the Port" *further* demonstrated the weakness of BAE's position, but that hardly shows that BAE acted with objective reasonableness in removing this action in the first place. On the contrary, key components of the remand order's rationale on this point —

3

including, for example, that the Port "owns the shipyard and has significant interest in its continued maintenance, operation and repair," and "[i]f Puglia prevails in its claims, it will no longer have any obligations pursuant to the lease and the Port will be unable to bring claims against it for outstanding defaults" (Dkt. No. 59 at 4) — derive from Puglia's claims for relief herein. The nature of those claims made clear from the outset that the Port was never a nominal party to this action (*see* Dkt. No. 26 at 5, 7–9).

*Fourth*, BAE cites *California Bank & Trust v. Safady*, 2014 WL 6989218 (C.D. Cal. Dec. 9, 2014) (Judge Gary Klausner), as an example of a "nominal party argument" even less reasonable than BAE's that nevertheless did not result in attorney's fees (Dkt. No. 66 at 8–9). This comparison is specious. *Safady*, a non-binding decision, stated in a single sentence and without reasoning that "[t]he Court does not find removal objectively unreasonable, and thus declines to award attorney's fees or costs." 2014 WL 6989218, at *3. This carries little weight even as persuasive authority. Moreover, *Safady*'s facts are readily distinguishable from ours. That decision considered arguments on both federal question jurisdiction *and* diversity jurisdiction, either of which could have constituted an objectively reasonable basis for removal, and rejected the latter because a party's default in prior arbitration proceedings did not render him nominal for diversity purposes. Aside from falling under the same broad category of "nominal party argument," the argument in *Safady* bears little resemblance to that asserted by BAE here. BAE also attempts to use *Safady* to rehash its unfounded proposition that the dollar amount of monetary damages is somehow the barometer of a party's interests in litigation (and, by extension, the objective reasonableness of a "nominal party argument") (*see* Dkt. No. 66 at 8–9). The remand order, however, already rejected BAE's theory that some specific form of "substantive claim[] for relief" is needed to show the Port's interests here (Dkt. No. 59 at 4).

In summary, BAE had no genuine legal or factual basis for insisting that the Port was a nominal defendant here. It did so to get around the simple fact that it removed this action despite the presence of at least one forum defendant that neither joined in nor consented to said removal — an improper course clearly foreclosed under the relevant law. *See Lussier*, 518 F.3d at 1065–66. This alone shows that BAE "lacked an objectively reasonable basis for seeking

4

removal" such that Puglia should recover attorney's fees under Section 1447(c). *See Martin*, 546 U.S. at 141. Like the remand order, this order need not reach the parties' additional arguments about BAE's attempted realignment of BAE-SF (the second prong of its strategy to sidestep its forum defendant and joinder problems). Nor is it necessary to reach their arguments about whether BAE also removed this action in bad faith.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for attorney's fees is **GRANTED**. This order decides only the question of entitlement to fees. A companion order will set forth the procedure to determine the appropriate amount of the fee award.

**IT IS SO ORDERED.**

Dated: September 5, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5